UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ST. PAUL SURPLUS LINES INSURANCE CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2724 |
| | § | |
| COX OPERATING, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is defendant Cox Operating, LLC's ("Cox") motion for reconsideration (Dkt. 32) of this court's memorandum opinion and order denying Cox's motion to dismiss or alternatively to transfer venue (Dkt. 28). After reviewing the motion, the response (Dkt. 36), the reply (Dkt. 37), the sur-response (Dkt. 40), the sur-reply (Dkt. 41), the response to the sur-reply (Dkt. 42), the reply to the response to the sur-reply (Dkt. 43), and the applicable law, the court finds that the motion should be DENIED.

Cox urges the court to reconsider its decision not to transfer the suit to the Eastern District of Louisiana, where, on August 27, 2007, Cox, in response to plaintiff St. Paul Surplus Lines Insurance Company ("St. Paul") filing a declaratory action in this court, filed a separate action claiming breach of contract and other statutory damages ("Coercive Action"). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Furthermore, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(b). "A transfer of venue may be made upon

the motion of any party or by the court *sua sponte*." *Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *Republic of Bol. v. Philip Morris Cos.*, 39 F. Supp. 2d 1008, 1008-09 (S.D. Tex. 1999); 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3844 (2d ed. 1986)). The transferring court may even effect the transfer if it lacks personal jurisdiction. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (28 U.S.C. § 1406(a) is "amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not"). *Accord Cote v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986); *Drayton Enterprises, L.L.C. v. Dunker*, 142 F. Supp. 2d 1177 (D.N.D. 2001).

In assessing whether a different forum is more appropriate, a "[p]laintiff's choice of forum is entitled to deference . . . . Namely, a party seeking a transfer 'must show good cause.'" *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 384 (5th Cir. 2007) (quoting *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause is shown when the "moving party . . . demonstrate[s] that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a) (alteration in original)). In determining whether the movant has satisfied its burden, the court analyzes several public and private interest factors, none of which are given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir 2004). "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious

2

and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). "The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *In re Volkswagen of Am.*, 506 F.3d at 384.

Cox claims that the suit involves fact-intensive issues relating to the alleged pollution costs. Therefore, Cox urges the court that the Eastern District of Louisiana is the more convenient forum because witnesses necessary to litigate the issues are non-party witnesses and outside the court's subpoena power. Specifically, the court is asked to transfer the case because otherwise it would be without power to subpoena non-party witnesses who actually mandated, monitored, oversaw, or conducted the cleanup. As such, Cox contends that it would incur the expense of deposing the witnesses to present their testimony, rather than having them testify live. St. Paul, however, seeks a declaratory judgment on the meaning of an insurance policy. The court's primary mission in such an inquiry is to interpret the language and terms of the policy. Cox has not shown how the testimony of parties who mandated, monitored, oversaw, or conducted the cleanup in Louisiana would be relevant to interpreting the language and terms of the excess insurance policy issued by St. Paul.

In addition, Cox insists that Louisiana law, rather than Texas law, will control the interpretation of the insurance policy. In support, Cox offers two "Louisiana Pollutant and Pollution Examples Endorsement[s]." Although the endorsements provide examples of instances when coverage might be triggered for occurrences in Louisiana, the endorsements specifically state that

3

"[t]he examples do not change coverage." Furthermore, the appended endorsements do not imply an affirmative choice of law. Other than in the title, neither Louisiana nor Louisiana law is mentioned in the endorsements.

Cox also argues that St. Paul clearly understood that Louisiana law would control disputes under the policies because it knew that Cox was acquiring insurance for Louisiana oil fields. In its motion, Cox urges that

> J.H. Blades, St. Paul's agent, knew through the policy application form it received from Cox that the only risks being insured under the policies were an [sic] oil-and-gas operations located exclusively in Louisiana. St. Paul cannot credibly argue that it ever had a reasonable expectation that Texas law would control the interpretation of these liability Policies for costs Cox became legally obligated to pay under federal laws and the laws of the state of Louisiana. Rather, at the time St. Paul issued them, it expected the policies would be interpreted under Louisiana law for exactly this type of loss.

(Dkt. 32 at 5 (internal citations omitted)). Notably, on its insurance application, Cox indicated that its business address was in Dallas, Texas. Moreover, Cox fails to proffer any evidence to support its assertions regarding St. Paul's knowledge and expectation that Louisiana law would apply to disputes under the policies. St. Paul did not acquiesce to the application of Louisiana law merely because it knew that Cox sought to insure oil fields in Louisiana.

Finally, Cox contests the application of Texas Insurance Code article 21.42. The court finds the contention non-dispositive. Clearly, the dispute over the controlling law is a conflict that will persist even if the case were transferred to the Eastern District of Louisiana. "Thus, whether this case goes to [Louisiana] or stays in [Texas], one of the courts will have to decide which state's law to apply." *Extex Prod., Inc. v. Mid Continent Cas. Co.*, No. 07-760-JJB-DLD, 2008 WL 191650, at *7-8 (M.D.La. Jan. 22, 2008).

For the foregoing reasons, and for reasons explained in this court's prior ruling, there is no "good cause" to transfer this case to the Eastern District of Louisiana. Therefore, Cox's motion to reconsider is DENIED.

Signed at Houston, Texas on February 19, 2008.

_____
Gray H. Miller
United States District Judge