## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Cox Operating, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-07-2724 |
| | § | |
| St. Paul Surplus Lines | § | |
| Insurance Company, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

The parties came before the court last week and argued their pretrial motions.  Included in those motions was the defendant St. Paul Surplus Lines Insurance Company's motion in limine regarding Cox Operating's bad faith claims pursuant to Chapter 541 of the Texas Insurance Code.  *See* Dkt. 407-6, at 3 ¶e.  Rule 56 allows a court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."  Fed. R. Civ. P. 56(f)(3).  As explained below, the court holds that summary judgment is appropriate on Cox's bad faith claims against St. Paul.

Cox brings a claim against St. Paul for unfair or deceptive acts and practices ("bad faith claim") pursuant to Chapter 541 of the Texas Insurance Code.  *See* Dkt. 407, at 10 ¶ 28.  In its motion in limine, St. Paul argues that as a matter of law, a bad faith claim may not be maintained in the absence of independent tort damages.  The parties do not dispute that Cox's only independent tort claim was dismissed by stipulation of the parties.  Instead Cox argues that Texas law allows it to maintain the claim.[1]  St. Paul counters that binding Fifth Circuit law holds that "[t]here can be no

_____

[1] The parties argued their respective positions on this matter exhaustively at the pretrial conference.

recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkans Internat'l, LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex.1998)).  St. Paul further argues that since Cox has alleged no tort and/or damages independent of the amounts it claims it is due under the policy, the court must dismiss the bad faith claim.  The court agrees. Accordingly, the court, on its own motion, enters JUDGMENT for St. Paul on Cox's bad faith claims under Chapter 541 of the Texas Insurance Code.  The claim is DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on May 10, 2013.

_____
Gray H. Miller
United States District Judge

2