IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COX OPERATING, LLC | § | |
| | § | |
| vs. | § | Civil Action H-07-2724 |
| | § | |
| ST. PAUL SURPLUS LINES | § | |
| INSURANCE COMPANY | § | |

## FINAL JUDGMENT

This civil action was tried by a jury with United States District Judge Gray H. Miller presiding, and, on June 19, 2013, the jury returned a unanimous verdict and was then discharged by the Court.

It is therefore ordered that the Clerk of the Court is hereby directed to enter judgment in favor of Plaintiff Cox Operating, LLC (which is hereinafter referred to as "Cox") and against Defendant St. Paul Surplus Lines Insurance Company (which is hereinafter referred to as "St. Paul") as follows:

    A.    Cox shall recover from St. Paul and St. Paul shall pay to Cox:

        1.    $9,465,103.22 for monetary damages resulting from St. Paul's breach of the excess insurance policy;

        2.    $11,650,629.12 for interest on the amount of contract damages at the rate of 18 percent a year as damages pursuant to section 542.060 of the Texas Insurance Code, as a result of St. Paul's failure to comply with subchapter B of chapter 542 of that code (i.e., the Prompt Payment of Claims Act);

        3.    $2,864,167.31 for prejudgment interest on the amount of contract damages at the rate of 5 percent a year;

1

4. Costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), which amount shall subsequently be taxed in accordance with the procedures set forth in 28 U.S.C. § 1924, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 54.2 of the United States District Court for the Southern District of Texas or subsequent order of the Court;

5. Reasonable attorneys' fees pursuant to section 542.060 of the Texas Insurance Code, as a result of St. Paul's failure to comply with subchapter B of chapter 542 of that code (i.e., the Prompt Payment of Claims Act), and chapter 38 of the Texas Civil Practice & Remedies Code, which amount shall subsequently be found by the Court in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) or subsequent order of the Court;

6. Nontaxable expenses related to attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2), which amount shall subsequently be found by the Court in accordance with the procedures set forth in that Rule or subsequent order of the Court; and

7. Post-judgment interest on the total sum of each of the foregoing items pursuant to 28 U.S.C. § 1961 at the rate of 0.12 percent a year, the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, at http://www.txs.uscourts.gov/interest, for the calendar week preceding the day judgment is entered, compounded annually;

B. St. Paul shall take nothing in this action, and all relief requested by St. Paul is denied;

C.      The Clerk of the Court shall issue each and every writ subsequently requested by Cox to enforce the judgment against St. Paul; and

D.      As the judgment adjudicates each and every claim, right and liability of each and every party with respect to this action (except with respect to the exact amounts of costs, reasonable attorneys' fees, and nontaxable costs related to attorneys' fees that Cox is entitled to recover from St. Paul, which shall subsequently be taxed and/or found, as is discussed above in the judgment), and, as the Court has determined in accordance with Federal Rule of Civil Procedure 54(b) that there is no just reason for delay with respect to the entry of judgment (except with respect to those exact amounts), the judgment is final.

Signed at Houston, Texas on August 16, 2013.

_____
Gray H. Miller
United States District Judge