UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COX OPERATING, L.L.C., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2724 |
| | § | |
| ST. PAUL SURPLUS LINES INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff's and defendant's motions to alter or amend judgment. Dkts. 550, 553. After considering the parties' arguments and the applicable law, the court is of the opinion that defendant's motion should be DENIED and plaintiff's motion should be GRANTED in part.

**I. BACKGROUND**

Following a 23 day jury trial, the jury rendered a verdict in favor of plaintiff, Cox Operating L.L.C. ("Cox"), awarding Cox $9,465,103.22 in damages for amounts owed by St. Paul Surplus Lines Insurance Company ("St. Paul") for pollution cleanup costs covered under the applicable excess insurance policy. The court entered an order and final judgment on August 16, 2013, awarding Cox damages and statutory penalty interest based on the jury's verdict, and prejudgment and post-judgment interest. Dkts. 526, 527. Specifically, the court assessed statutory penalty interest against St. Paul based on the jury's findings that it failed to comply with the Texas Prompt Payment of Claims Act, TEX. INS. CODE § 542.051, *et seq.* ("TPPCA"). The court found that the penalty interest should begin accruing on October 15, 2006–75 days after the jury found St. Paul had all of

the information it required to secure final proof of loss on Cox's claim. The court further rejected St. Paul's objections to the jury award on the bases that the jury awarded Cox double recovery for amounts paid by other insurers and clean-up costs submitted one year after the completion of the pollution work.

Both parties have filed competing motions to alter or amend the court's judgment. Cox argues that the court should alter the judgment to reflect an earlier accrual date for the penalty interest under the TPPCA. St. Paul reurges its previous arguments that the judgment erroneously includes amounts paid by other insurers and excessive statutory and prejudgment interest.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move the court to alter or amend a judgment no later than ten days after the entry of the judgment. Amendment of a judgment is an "extraordinary remedy." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The moving party must present compelling reasons for the court to reconsider its judgment and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). The court has considerable discretion to grant or deny a motion to alter or amend the judgment under Rule 59(e). *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

## III. ANALYSIS

The parties' motions are largely a restatement of arguments that have been addressed by the court in its Memorandum Opinion and Order dated August 16, 2013, entering final judgment in this case. Dkt. 526. With one exception, the court finds no reason to disturb its ruling and final judgment in this case.

A. **Texas Prompt Payment of Claims Act**

The parties reurge this court to adopt vastly different views of the proper accrual date for the statutory penalty interest under the TPPCA. The case law on this subject arguably supports both positions, leaving the court with little definitive guidance as to the proper accrual date. However, without further guidance from the Texas Supreme Court or Fifth Circuit, the court must make a decision that gives effect to the jury's verdict and applies the statute in the terms expressed by the Texas legislature. Thus, upon further consideration of the cases analyzing the TPPCA and the parties' additional briefing, the court has concluded that an amendment to the judgment is warranted with respect to the TPPCA penalty interest accrual date.

Based on the jury's finding that St. Paul immediately violated its claims-handling obligations under Section 542.055, the court has focused its attention on those cases wherein a violation of Section 542.055 was found. And, while the jurisprudence is not wholly consistent as to the proper accrual date, the court is persuaded that the penalty interest should begin accruing 60 days after St. Paul received notice of the claim and failed to commence an investigation and request all items, statements, and forms that St. Paul reasonably believed would be required from Cox. This amended accrual date will give effect to each of the jury's findings and the statutory provisions at issue.

Relevant to the court's analysis, Section 542.055 requires that not later than the 30th business day[1] after the date the insurer receives notice of a claim, "the insurer shall: (1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all

---

[1] Eligible surplus lines insurers are given 30 business days, as opposed to 15 business days for general insurers, to acknowledge receipt of the claim, commence an investigation, and request documents after notice of the claim. TEX. INS. CODE § 542.055(a). Neither party disputes that St. Paul is an eligible surplus lines insurer.

3

items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." TEX. INS. CODE § 542.055. Section 542.058 further provides that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055" delays payment of the claim for more than 60 days, then the "insurer shall pay damages and other items as provided by Section 542.060." *Id.* § 542.058(a). It is under Section 542.060(a) that "the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages" if the insurer is liable for a claim under an insurance policy and fails to comply with the TPPCA. *Id.* § 542.060(a).

As noted above, few courts have addressed statutory penalty interest under the TPPCA where a violation of Section 542.055 occurred. In *Philadelphia Indemnity*, the insured notified the insurer regarding its claim, and the insurer failed to make a timely request for additional information within the statutory deadline. *Phila. Indem. Ins. Co. v. C.R.E.S. Mgmt., L.L.C.*, 2001 WL 1100218, *3 (S.D. Tex. 2011) (Atlas, J.). The insurer asserted that it had not violated the TPPCA because it requested information numerous times and the insured continued to supplement and revise its losses for months after notice of the claim. *Id.* The court rejected this position, finding that the statute did not provide a defense in the case of subsequent revisions to the insured's loss. *Id.* The court noted "[u]nder the statute's plain language, if [the insurer] had made a timely request for items, it could have obtained additional time for review of the claims, because after such timely request [the insurer] would have been obligated to make payment on accepted claims not more than seventy-five days

4

*after receipt* of all reasonably requested items." *Id.* Thus, without a timely request under Section 542.055, the court assessed penalty interest 75 days[2] from notice of the claim. *Id.* at * 4.

The same situation was presented in *GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford*, 268 S.W.3d 822 (Tex. App.–Fort Worth 2008, no pet.). The insurer never requested any information from the insured within the statutory deadline following notice of the claim. *Id.* at 834. The insurer argued that it was not required to pay any statutory penalty interest because the jury did not make an explicit finding as to when the penalty interest should begin to accrue. *Id.* at 833. The court rejected this argument, finding that the undisputed facts allowed a determination of the proper accrual date. *Id.* at 834. In holding that an express jury finding was not necessary, the court affirmed the trial court's accrual date, which was 75 days following notice of the claim. *Id.* at n.7.

Cox heavily relies on *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 2003 WL 21662829 (N.D. Tex. 2003) (Cummings, J.), and strongly advocates for a result consistent with the holding in *Primrose*. In *Primrose*, the insurer was found to be in violation of 542.055, and the court assessed statutory penalty interest upon the date of the first statutory violation, i.e. 15 days after notice of the claim. *Id.* at *1, *3. This court, however, does not find that the outcome in *Primrose* is consistent with the statutory framework of the TPPCA.

It is undisputed that St. Paul, like the insurer in *Primrose*, violated Section 542.055; however, insurers are entitled to 60 days upon receipt of items requested to pay the claim under Section 542.058. When an insurer fails to timely request such information, it does not in turn lose the benefit

---

[2] Under Section 542.059, "[i]n the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines imposed under the subchapter are extended for an additional 15 days." TEX. INS. CODE § 542.059(b). Thus, if the facts in *Philadelphia Indemnity* had not involved a weather-related catastrophe, the statutory penalty interest would have accrued 60 days from notice of the claim.

of Section 542.058 to the 60 days given to pay the claim. Practically speaking, when an insurer fails to timely request information under Section 542.055, it waives the right to do so (and the additional benefits of requesting more time) and signals to the insured that it has all the information that it reasonably believes will be required from the insured. It is only 60 days after receiving all the information reasonably requested that the insurer must pay the claim, and if it fails to do so, "the insurer shall pay damages and other items as provided by Section 542.060." TEX. INS. CODE § 542.058. Assessing statutory penalty interest on the date of the first violation of Section 542.055, as was done in *Primrose*, does not harmonize and give effect to each provision of the TPPCA. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (courts must consider the statute as a whole and not give one provision a "meaning out of harmony or inconsistent with other provisions"); *Miss. Poultry Ass'n, Inc. v. Madigan*, 31 F.3d 293, 304 (5th Cir. 1994) (statutes should be interpreted so as not to render one part inoperative).

Further, Cox correctly points out that to begin the accrual date after St. Paul had received all of the information necessary to adjust the claim, as the court previously ruled, ignores the jury's finding that St. Paul immediately violated the TPPCA when it failed to timely request such information. While St. Paul may not have been in a position to evaluate the claim on December 16, 2005, that resulted from its failure to meet its claim handling deadline. St. Paul cannot avoid statutory penalty interest when it was St. Paul's failure to commence an investigation and request documents that hindered the process under the TPPCA. Under Section 542.058, St. Paul was given 60 days to pay the claim after requesting all information needed from the insured. However, because St. Paul failed to meet its initial obligation to request all items, statements, and forms from Cox in a timely manner after notice of the claim, it relinquished its ability to do so under that statute, and

6

is required to pay statutory penalty interest under the TPPCA 60 days[3] after the jury found Cox filed its notice of claim, or December 16, 2005.

Additionally, Cox requests that the penalty interest continue to accrue through the date this amended judgment is entered; however, it cites no authority in support of its position. The court declines to order additional interest for the time that the court required to consider the issues presented and amend the judgment. Penalty interest accrues until the date judgment is rendered. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427-28 (Tex. 2004); *Great Am. Ins. Co. v. AFS/IBEX Fin. Services, Inc.*, 612 F.3d 800, 809 (5th Cir. 2010). Judgment was rendered in this case on August 16, 2013, and remains intact with the one exception set out herein.

**B.     Double Recovery**

St. Paul further urges this court to amend the judgment because it contends the jury awarded Cox amounts already paid by other insurers, resulting in a double recovery. The court does not dispute that under the "one satisfaction rule" in Texas, "a plaintiff should not be compensated twice for the same injury." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991); *RSR Corp. v. Int'l Ins. Co.*, 2009 WL 927527, *11 (N.D. Tex. 2009). Even in a contractual context, a plaintiff is prevented from recovering more than the amount of its loss from multiple defendants. *Id.*; *Osborne v. Jauregui, Inc.*, 252 S.W.3d 70, 75 (Tex. App.–Austin 2008, no pet.). The jury's award would only be in violation of the one satisfaction rule if Cox were compensated twice for the same expenses. *RSR Corp.*, 2009 WL 927527, at *14. The law and facts, however, do not support St. Paul's position that Cox was compensated twice for the same pollution cleanup costs.

---

[3] The court also reverses its position that Section 542.059 applies in this case given that the Texas Insurance Commissioner did not declare Hurricane Katrina to be a weather-related catastrophe. Therefore, statutory penalty interest will begin to accrue as provided in Section 542.058.

St. Paul presented evidence and advocated its position to the jury regarding its theory that Cox was seeking double compensation for the same pollution cleanup costs under its excess liability coverage and its removal of wreckage and debris ("ROWD") coverage. The evidence presented did not show, as a matter of law, that Cox was (or will be) compensated twice for the same claimed expenses. At best, conflicting evidence was presented to the jury regarding the potential overlap in claimed expenses to St. Paul for pollution cleanup costs and payments made by other insurers under Cox's ROWD claim. Ultimately, however, Paul Foreman, the initial adjuster on Cox's ROWD claim, testified that there was no allocation on a per invoice basis as to the amounts paid on the ROWD claims between insureds or as it related to the pollution claim because the claimed ROWD loss exceeded the policy limits. Foreman only cursorily reviewed the pollution claim for potential ROWD charges, and he admitted that he did not look at the Quarantine Bay pollution claim at all. In fact, the ROWD-related charges that Foreman picked up from the pollution claim were those not accepted by the pollution claims adjuster.

Following the extensive evidence presented on St. Paul's theory, the jury awarded an amount that did not encompass the same costs already paid by other insurers. Specifically, in the verdict form, the jury awarded Cox $9,465,103.22, representing the "sum of money, if any, [ ] St. Paul [was] required to pay Cox Operating under the Excess Policy, *over and above those amounts already paid*, for pollution clean-up costs resulting from Hurricane Katrina." Dkt. 489, Q. 2 (emphasis added). Given the conflicting testimony and jury's verdict, the court cannot say that the jury's award constitutes a manifest error of law or fact with respect to other insurance payments.

St. Paul relies heavily on the ruling in *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 775 (Tex. 2007) to support its contention that Cox should not be able to recover the

same losses from multiple insurers. While addressing whether a claim for contribution existed between insurers when a pro-rata "other insurance" clause existed in the policies, the Texas Supreme Court noted:

> [W]here there are several policies of insurance on the same risk and the insured has recovered the full amount of its loss from one or more, but not all, of the insurance carriers, the insured has no further rights against the insurers who have not contributed to its recovery.

*Id.* The Texas Supreme Court reiterates the proposition that an insured is limited to the actual amount of its loss, even when covered for the same risk by multiple insurers. However, the court also makes clear that the insured must "recover[] the full amount of its loss" before a double recovery exists. There is no definitive evidence that Cox's pollution cleanup costs were the same as those paid by ROWD insurers, and Cox's total claim far exceeded the ROWD policy limits and the jury's award.

### IV. CONCLUSION

For the reasons stated herein, the court DENIES St. Paul's motion to alter or amend judgment (Dkt. 553) and GRANTS in part Cox's motion to alter or amend judgment (Dkt. 550). The court will issue an amended final judgment contemporaneously herewith reflecting the court's revised position on the proper accrual date for statutory penalty interest under the Texas Prompt Payment Claims Act. With this one exception, the remainder of the final judgment issued on August 16, 2013 shall remain unchanged.

Signed at Houston, Texas on January 10, 2014.

_____
Gray H. Miller
United States District Judge